Frances KEARNEY, Plaintiff–
Appellant,

v.

COUNTY OF ROCKLAND, by C. Scott
VANDERHOEF, County Executive
for the County of Rockland, Jacque-
line Stormes, individually and as Dep-
uty Director of the Department of
Probation, Defendants–Appellees.

No. 05–3687–cv.

United States Court of Appeals,
Second Circuit.

June 12, 2006.

Joseph J. Ranni (Amanda B. Brady, of counsel), Jacobowitz & Gubits, LLP, Walden, New York, for Plaintiff–Appellant.

Charlotte G. Swift, Jason & Nesson, L.L.P., Chestnut Ridge, New York, for Defendants–Appellees.

PRESENT: Hon. WALKER, Chief Judge, Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Frances Kearney appeals from the June 16, 2005 judgment of the United States District Court for the Southern District of New York (William C. Conner, *Judge* ) granting the defendants-appellees' motion for summary judgment and dismissing her complaint. On appeal, Kearney argues that the district court erred in dismissing her claims for age discrimination and retaliation in violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and her claims pursuant to 42 U.S.C. § 1983 for, *inter alia*, retaliation in violation of the First Amendment. We assume the parties' familiarity with the facts and procedural history, and we affirm the district court's judgment.

■ We hold that the district court did not err in granting summary judgment to the defendants on Kearney's age-discrimination claims. Regarding Kearney's reassignment to the Criminal Unit, the district court held that no evidence supported the element of Kearney's prima facie case requiring proof of a materially adverse change in the terms and conditions of employment. *See Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000) (setting forth this requirement); *Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir.2001) (holding that claims under the ADEA and the NYSHRL are subject to the same analysis). The district court was correct to require Kearney to point to evidence showing a genuine factual dispute on this element, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and on appeal, Kearney has pointed to no record evidence showing a materially adverse change. Accordingly, we find no error in the district court's grant of summary judgment on this question.

■ Regarding Kearney's failure-to-promote claim, "[w]e need not decide whether the district court was correct in holding that [Kearney] failed to demonstrate a prima facie case of [age] discrimination because, in any event, [Kearney] has failed to produce evidence to carry her burden of rebutting [the defendants'] proffered nondiscriminatory reason for [promoting others instead of Kearney]." *Ferraro v. Kellwood Co.*, 440 F.3d 96, 100 (2d Cir.2006). Defendants offered evidence explaining that candidates for promotion, known to committee members from their work with the candidates, were selected based on perceived superiority in one or more of six specific criteria, independent of age. This uncontroverted evidence justified summary judgment.

Kearney does not point to any evidence sufficient to create a genuine factual question as to whether the defendants' explanation is a pretext for discrimination. That some of the candidates had blemishes on their record or that Kearney feels that the selection process should have produced a different result does not show the falsity of the proffered nondiscriminatory reason for

the promotion decisions. *See Davis v. State Univ. of N.Y.*, 802 F.2d 638, 641 (2d Cir.1986) ("The employer need not prove that the person promoted had superior objective qualifications, or that it made the wisest choice, but only that the reasons for the decision were nondiscriminatory."); *see also Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir.2001) (stating that a material factual issue can be created only in a situation not present here—where "the plaintiff's credentials [are] so superior to the credentials of the person selected for the job that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'").

Turning to Kearney's claims of retaliation in violation of the ADEA and NYSHRL, we agree with the district court that Kearney has proffered no record evidence from which a reasonable factfinder could find the necessary causal connection between Kearney's May 2000 complaint to the Rockland OER and the November 2002 and April 2003 promotions. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (holding that although temporal proximity alone may show causation, the proximity must be very close and "[a]ction taken ... 20 months later suggests, by itself, no causality at all"); *Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 94 (2d Cir.2001) (requiring a showing of causation as an element of a prima facie retaliation case).

Kearney's equal protection claim pursuant to 42 U.S.C. § 1983 for age-based employment discrimination fails for the same reasons that her ADEA and NYSHRL claims fail. *See Sorlucco v. N.Y. City Police Dep't*, 888 F.2d 4, 7 (2d Cir.1989) (holding that the three-step *McDonnell Douglas* burden-shifting analysis applies to

§ 1983 claims); *Halloway v. Milwaukee County*, 180 F.3d 820, 826 n. 6 (7th Cir. 1999) (holding that the rejection of an ADEA claim necessitates the rejection of a § 1983 age-discrimination claim).

■ Finally, we uphold the district court's dismissal of Kearney's claim pursuant to § 1983 for retaliation in violation of the First Amendment because Kearney has not pointed to record evidence creating a genuine dispute as to the element of her prima facie case requiring a casual connection between the allegedly protected speech and the promotions in question. *See Washington v. County of Rockland*, 373 F.3d 310, 320–21 (2d Cir.2004) (stating the elements of a prima facie case and requiring a plaintiff to "aver some 'tangible proof' demonstrating that [her] protected speech animated [the employer's] decision"). The district court accurately noted a possible explanation for this failure—as Kearney testified in her deposition, she has never heard from anyone that the selection committee considered the allegedly protected speech in making its decision, and, further undercutting causation, individuals making the same protected speech as purportedly made by Kearney were subsequently promoted.

For the foregoing reasons, the district court's judgment granting summary judgment to the appellees is **AFFIRMED.** We **GRANT** the appellees' pending motion insofar as it requests that the appellant's reply brief be stricken as untimely. *See* Fed. R.App. P. 31(a)(1). We **DENY** the motion insofar as it requests other relief. No costs.